THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RONALD G.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>**Acting Commissioner of Social Security,**<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00605-DAK-JCB<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

  This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Ronald G.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. Based upon the analysis set forth below, all of Plaintiff's arguments on appeal fail. Therefore, the court recommends that District Judge Dale A. Kimball affirm the Commissioner's decision.

---

[1] ECF No. 13.

[2] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in September 2015.[3] Plaintiff's application was denied initially[4] and upon reconsideration.[5] On September 15, 2017, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[6] The ALJ issued a written decision on October 4, 2017, denying Plaintiff's claim for DIB.[7] Plaintiff appealed the adverse ruling, and, on September 12, 2018, the Appeals Council denied his appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On November 16, 2018, Plaintiff's first complaint seeking review of the Commissioner's final decision was transferred to this court from the Northern District of Illinois.[10] On March 20, 2020, Magistrate Judge Daphne A. Oberg reversed the Commissioner's decision and remanded this case for further proceedings.[11] On remand, the ALJ denied Plaintiff's claim for DIB.[12] Plaintiff did not file exceptions with the Appeals Counsel, making the ALJ's

---

[3] ECF Nos. 15-17, Administrative Record ("AR _____") 177-78.
[4] AR 72-83.
[5] AR 84-97.
[6] AR 28-71.
[7] AR 11-27.
[8] AR 2-7.
[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.
[10] AR 593-95.
[11] AR 569-84.
[12] AR 514-37.

decision final for purposes of judicial review.[13] On September 15, 2022, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[15] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[16] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[17] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[18] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[19]

---

[13] 20 C.F.R. § 404.984(d).

[14] ECF No. 3.

[15] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[16] 42 U.S.C. § 405(g).

[17] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[18] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[19] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[20] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[21]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[22]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[23] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[24] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[25] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and

---

[20] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[21] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[22] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[23] 20 C.F.R. § 404.1525(a); *see also id.* § 404.1520(a)(4)(iii).

[24] *Williams*, 844 F.2d at 751.

[25] 20 C.F.R. § 404.1520(e).

continuing basis despite limitations from his impairments.[26] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[27]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[28] "If the claimant is able to perform his previous work, he is not disabled."[29] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[30]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[31] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[32] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[33] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[34]

---

[26] *Id.* § 404.1545(a)(1), (b)-(c).

[27] *Id.* § 404.1545(a)(2).

[28] *Id.* § 404.1520(a)(4)(iv).

[29] *Williams*, 844 F.2d at 751.

[30] *Id.*

[31] *Id.*

[32] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[33] 20 C.F.R. § 404.1520(a)(4)(v).

[34] *Id.*

ANALYSIS

Plaintiff argues that the ALJ erred when he: (I) determined at step three that Plaintiff's impairment did not meet or medically equal listing 1.18 of Appendix 1 of the relevant regulations[35] and (II) omitted evidence related to Plaintiff's mental impairments in his discussion at step two and in his RFC determination. The court addresses Plaintiff's arguments in turn below. Based upon the following analysis, all of Plaintiff's arguments fail. Therefore, the court recommends that the Commissioner's decision in this case be affirmed.

I. **Substantial Evidence Supports the ALJ's Step Three Determination.**

Although the ALJ considered listing 1.18 in his step three analysis, Plaintiff argues that the ALJ erred by not giving greater weight to Plaintiff's use of a walker or cane and that the ALJ should have called a medical expert to testify at the hearing about whether Plaintiff met or medically equaled listing 1.18. However, Plaintiff fails to demonstrate that he satisfies all the requirements of listing 1.18, which dooms his argument as a matter of law. As discussed below: (A) substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet the specified criteria of listing 1.18; and (B) substantial evidence supports the ALJ's finding that Plaintiff's impairments did not medically equal listing 1.18.

　　A. <u>Substantial Evidence Supports the ALJ's Finding that Plaintiff's Impairments Did Not Meet the Specified Criteria of Listing 1.18.</u>

---

[35] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.18.

Plaintiff's impairments were not "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[36] A claimant bears the "burden to present evidence establishing [his] impairments meet or equal listed impairments."[37] To satisfy that burden, a claimant is required to establish that his impairments "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[38]

Listing 1.18 requires a claimant to demonstrate *all* of the following:

    A. Chronic joint pain or stiffness.

AND

    B. Abnormal motion, instability, or immobility of the affected joint(s).

AND

    C. Anatomical abnormality of the affected joint(s) noted on:

        1. Physical examination (for example, subluxation, contracture, or bony or fibrous ankylosis); or

        2. Imaging (for example, joint space narrowing, bony destruction, or ankylosis or arthrodesis of the affected joint).

AND

    D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a

---

[36] 20 C.F.R. § 404.1525(a)

[37] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

[38] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original); *see also Lax*, 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

continuous period of at least 12 months, and medical documentation of at least one of the following:

1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or

2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or

3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).[39]

In support of his argument that he meets the requirements of listing 1.18, Plaintiff points only to his use of a cane and walker but fails to provide any documented medical need for such devices. Plaintiff argues that although "no doctor ever specifically said that [a] cane was required," "there was no need to prescribe a cane or walker because Plaintiff already had one."[40] Thus, Plaintiff asserts that his use of a cane or walker on several occasions over a two-year period—and doctors' observation of this use—is sufficient to meet listing 1.18.[41] However, the ALJ determined that, without a documented medical need for the cane or walker, Plaintiff did not

---

[39] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.18.

[40] ECF No. 27 at 2.

[41] ECF No. 22 at 9.

satisfy the D criteria of listing 1.18.[42] Nevertheless, even if Plaintiff had established the criteria under D, Plaintiff fails to cite any evidence on the record showing that he meets the required A, B, and C criteria of listing 1.18. Thus, Plaintiff's step-three argument fails as a matter of law.[43]

> B. Substantial Evidence Supports the ALJ's Finding that Plaintiff's Impairments Did Not Medically Equal Listing 1.18.

Even if Plaintiff's impairments do not precisely match the requirements to meet a listing, a claimant may be found disabled at step three if his impairments are "medically equivalent" to a listing.[44] Medical equivalence requires a claimant to provide medical evidence showing that an impairment is "at least equal in severity and duration to the criteria of any listed impairment."[45] Medical equivalence must be based on medical findings.[46] "The mere accumulation of a number of impairments will not establish medical equivalency."[47] For an ALJ to find that a claimant's impairment medically equals a listing, "the record must contain one of the following:"

> 1. A prior administrative medical finding from [a medical consultant or psychological consultant] from the initial or

---

[42] AR 522.

[43] *Aslan v. Colvin*, 637 F. App'x 509, 509-10 (10th Cir. 2016) (holding that the plaintiff could not "prevail at step three as a matter of law" because he "fail[ed] to direct [the court's] attention to any medical records confirming" and "fail[ed] to cite to any medical records showing" that he satisfied all the requirements of the relevant listings); *Duncan v. Colvin*, 608 F. App'x 566, 576 (10th Cir. 2015) ("Because [the plaintiff] has not satisfied all of the Listing's criteria, she cannot prevail at step three as a matter of law."); *Wilson v. Saul*, No. 19-CV-03485-MEH, 2021 WL 457991, at *9 (D. Colo. Feb. 9, 2021) (concluding that when the plaintiff did "not direct the Court to any evidence to support his view that he met the listing requirements," the plaintiff's step-three argument failed "as a matter of law").

[44] 20 C.F.R. § 404.1526; SSR 17-2p, 2017 WL 3928306, at *2.

[45] 20 C.F.R. § 404.1526(a).

[46] SSR 86-8, 1986 WL 68636, at *3-4.

[47] *Id*. at *4.

>    reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the [Appeals Council's] medical support staff supporting the medical equivalence finding.[48]

In this case, the record is bereft of the evidence required to find medical equivalence. The ALJ properly determined that Plaintiff's impairments did not medically equal listing 1.18 because "[n]o acceptable medical source has opined that [Plaintiff] has equaled any applicable medical listing," as required by SSR 17-2p.[49] If an ALJ finds that a claimant's impairments do not medically equal a listing, the ALJ need only provide a statement to that effect; no further articulation is required.[50]

Indeed, "[i]t is Plaintiff's burden to point to specific medical evidence definitively establishing that [his] impairments met or medically equaled a listing."[51] Despite this, Plaintiff argues that the burden was on the ALJ to call a medical expert to testify whether Plaintiff medically equaled listing 1.18.[52] However, the regulations permit—not require—the ALJ to

---

[48] SSR 17-2p, 2017 WL 3928306, at *3.

[49] AR 522.

[50] SSR 17-2p, 2017 WL 3928306, at *4.

[51] *Brandee C. v. Kijakazi*, No. 1:20-cv-00129-CMR, 2022 WL 875942, at *2 (D. Utah Mar. 23, 2022) (citing *Lax*, 489 F.3d at 1085).

[52] ECF No. 22 at 9.

request evidence from medical experts in determining whether a claimant medically equals a listing:[53]

> If [the ALJ] believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, [the ALJ is] not require[d] . . . to obtain [medical expert] evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.[54]

Therefore, the ALJ was not obligated to call a medical expert to testify as to whether Plaintiff medically equaled listing 1.18,[55] and the ALJ's determination at step three is supported by substantial evidence.

## II. The ALJ Properly Assessed Plaintiff's Mental Impairments.

Although Plaintiff's additional arguments are not entirely clear to the court, Plaintiff appears to argue that the ALJ erred by failing to discuss all evidence related to Plaintiff's mental impairments (A) at step two and (B) in assessing Plaintiff's RFC. The court addresses these arguments in order.

### A. The ALJ Did Not Commit Reversible Error at Step Two.

---

[53] SSR 17-2p, 2017 WL 3928306, at *3 ("[An ALJ] may ask for and consider evidence from medical experts . . . about the individual's impairment(s), such as the nature and severity of the impairment(s).").

[54] *Id*. at *4.

[55] *See, e.g.*, *Mark M. v. Kijakazi*, No. 2:21-cv-00672-DBB-CMR, 2022 WL 18135261, at *3 n.1 (D. Utah Dec. 19, 2022) ("Moreover, SSR 17-2p expressly states that an ALJ is not required to obtain medical expert evidence prior to finding that a claimant's impairment(s) do not medically equal a listing.").

Plaintiff argues that the ALJ erred at step two by failing to discuss "key evidence of mental impairments"[56] in determining that Plaintiff had a non-severe mental impairment.[57] Even if the court assumes that the ALJ erred in that regard, any such error is harmless because the ALJ determined that Plaintiff had other severe impairments, concluded that Plaintiff could not be denied benefits at step two, and proceeded to step three. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]."[58] The United States Court of Appeals for the Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant cannot] be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence."[59]

Here, the ALJ determined that Plaintiff suffered from several severe impairments.[60] Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three. Thus, even if the ALJ erred by failing to discuss all available evidence regarding Plaintiff's mental impairments at step two, it was harmless.

    B. <u>The ALJ Properly Assessed Plaintiff's Mental Impairments When Determining the RFC.</u>

---

[56] ECF No. 22 at 10.

[57] AR 520-21.

[58] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (second and third alterations in original) (quotations and citations omitted).

[59] *Id.*; *see also Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[60] AR 520-21.

The ALJ's RFC determination properly assessed Plaintiff's mental impairments. When an ALJ assesses a claimant's RFC, the ALJ must account for functional limitations resulting from all of the claimant's severe and non-severe impairments.[61] In determining a claimant's RFC, the ALJ cannot rely upon a finding of non-severity at step two as a substitute for a more thorough RFC analysis.[62] Consequently, when an ALJ finds non-severe mental impairments at step two, the ALJ must still consider those mental impairments when assessing the RFC.[63]

In this case, the ALJ's step-two analysis determined that Plaintiff had non-severe mental impairments.[64] At the RFC stage, the ALJ discussed Plaintiff's non-severe mental impairments did not result in any workplace functional limitations.[65] Thus, the ALJ conducted a mental RFC assessment separate from the non-severity determination at step two.

Plaintiff argues that the ALJ erred by "fail[ing] to discuss [Plaintiff's] treatment notes which document ongoing depression and anxiety."[66] However, the ALJ is not required to discuss every piece of evidence or reference everything in the administrative record.[67] The ALJ may

---

[61] 20 C.F.R. § 404.1545(a)(2) (providing that the ALJ must "consider all of [a claimant's] medically determinable impairments . . . , including [the claimant's] medically determinable impairments that are not 'severe,'" when assessing the claimant's RFC); *see also* SSR 96-8p, 1996 WL 374184, at *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

[62] *Wells v. Colvin*, 727 F.3d 1061, 1068-69, 1071 (10th Cir. 2013).

[63] *Id.*

[64] AR 520-21, 528.

[65] AR 528-29.

[66] ECF No. 22 at 10.

[67] *See, e.g.*, *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009); *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

provide representative findings that support his conclusion.[68] Additionally, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an [ALJ's] findings from being supported by substantial evidence."[69] By reasonably reaching a decision based on all relevant medical and other evidence, the ALJ performed the precise function that the law requires. Accordingly, the ALJ's RFC determination is supported by substantial evidence.[70]

## CONCLUSION AND RECOMMENDATION

As demonstrated above, Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY RECOMMENDED that the Commissioner's decision in this case be AFFIRMED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[71] The parties must file any objections to this Report and

---

[68] *See, e.g.*, *Putnam v. Comm'r SSA*, 789 F. App'x 694, 698 (10th Cir. 2019) ("Although the ALJ specifically cited to these three exhibits, the record contains other evidence supporting his conclusions.").

[69] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[70] As part of his argument that the ALJ erred in assessing Plaintiff's RFC, Plaintiff points to select portions of the record that, according to Plaintiff, show that his impairments imposed greater limitations than those found by the ALJ. In doing so, Plaintiff invites the court to reweigh the evidence, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)). Thus, the court rejects Plaintiff's invitation to reweigh the evidence.

[71] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[72] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2nd day of May 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[72] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).